WRIGHT, J.
The twelfth section of the act, creating the office of county surveyor and defining his duties (29 O. L. 401) provides that no re-survey thereafter made by any person, except the county surveyor or his deputy, shall be considered as legal testimony in any court of law or equity in this state, except sttch surveys are made by mutual consent, in writing, and signed by the parties. This survey was not made by the county surveyor or by his deputy, nor is it '^signed by the parties. We have no discretion on the sub- [600 jeet, but are prohibited from considering such surveys legal evidence. It must be rejected.
WRIGHT, J. If this land was originally surveyed you can prove where the lines of such survey are, and how they affect the possession of the parties, but you cannot prove the survey orally, which, reduced to writing, we have just rejected.
The witness then said he found the corners of the section, but no line.

Starr.

The line was actually run by the government, but the law required the line to be run straight.
WRIGHT, J. Is it conceded that the government did in fact run the line from these corners?
WRIGHT, J. If the line was actually run, before the patent, the patent is for the section surveyed. Where was the line run? is the question, not where it ought to have run. If the witness can tell where the line that was run is, he can do so; but if his knowledge depend upon a re-survey and calculations, he cannot testify to that. Whether the line originally run was in accordance with the law or not, is a question between the government and its officer. The section actually run out is patented by its number — nothing else is patented — there are no calls in the patent for corners or lines.
Starr then consented to a verdict for the defendants.
[Survey governed by lines as run, not by corners or lines that should have been run; Reed v. Marsh, 8 O. 147, 158.]